IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01913-GPG

RUBEN H. PAPPAN,

    Applicant,

v.

J. OLIVER, Warden,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Ruben H. Pappan, is a prisoner in the custody of the Federal Bureau of Prisons currently incarcerated at the ADX in Florence, Colorado.  Mr. Pappan initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).  Applicant has paid the $5.00 filing fee.

    On September 11, 2015, Magistrate Judge Gordon P. Gallagher reviewed the Application and directed Mr. Pappan to show cause why the Application should not be denied.  Specifically, Magistrate Judge Gallagher explained that Applicant complained about the denial of visiting privileges with his wife and therefore, appeared to be asserting civil rights claims, which are not properly raised in a habeas corpus action.  Magistrate Judge Gallagher further explained that Applicant may pursue habeas corpus claims challenging the execution of his sentence in the instant § 2241 action, but that if he intends to assert civil rights claims challenging the conditions of his confinement, he must file a separate civil rights action pursuant to *Bivens v. Six Unknown Named*

*Agents,* 403 U.S. 388 (1971). On October 1, 2015, Applicant filed a Response (ECF No. 5) to the September 11 Order to Show Cause.

The Court must construe Mr. Pappan's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied and the instant action dismissed.

In the Response, Applicant alleges that he is a "layman when comes to filing a habeas corpus since the only filing Applicant has done is file civil complaints." (ECF No. 5 at 2). He further asserts that he has attached an exhibit "to show the court of the improper denial's Applicant has been receiving from the Warden of this Institution." (*Id.*). Applicant further asserts that his habeas corpus action "should not be dismissed - cause the only relief that Applicant does seek is to be able to visit his wife." (*Id.*). Finally, Applicant contends that "this habeas corpus shouldn't be dismissed since it has merit, and since Applicant isn't assert [sic] civil rights claims, and the *Bivens v. Six Unknown Named Agents,* 402 U.S. 388 (1971) and 28 U.S.C. § 1331, really doesn't apply in this matter." (*Id.* at 2-3).

The Court finds that Applicant has failed to show cause why the Applicant should not be denied because Applicant's claims and the relief sought are not properly addressed in this § 2241 action. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, "a prisoner who challenges the fact or duration of his confinement and

seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).

In the instant action, Applicant concedes that he is challenging the restriction on visitation with his wife, which is properly construed as a challenge to the conditions of his confinement, and is unrelated to the fact or duration of his confinement. Accordingly, the Court finds that the Application is subject to dismissal because Applicant's claims challenge his conditions of confinement, which are not the proper subject of a federal habeas petition. *See Preiser,* 411 U.S. at 488-90; *see also Nelson v. Campbell,* 541 U.S. 637, 643-44 (2004) (suits challenging conditions of confinement are appropriately brought as civil rights actions, while those challenging the fact or duration of confinement are properly brought under habeas corpus).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is denied and the action dismissed without prejudice. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  7th  day of    October    , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court